**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDI RENATO MORALES-MENDEZ, | No. 08-70232 |
| Petitioner, | Agency No. A72 142 331 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 14, 2011
San Francisco, California

Before: NOONAN and BEA, Circuit Judges, and WALTER, District Judge.[**]

Edi Renato Morales-Mendez ("Morales-Mendez"), a native and citizen of

Guatemala, petitions for review of the decision by the Board of Immigration

Appeals ("BIA") affirming a decision of the Immigration Judge ("IJ") to deny his

applications for asylum, withholding of removal, and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for Western Louisiana, sitting by designation.

Against Torture. This Court has jurisdiction to review the agency's order of removal pursuant to 8 U.S.C. § 1252(a)(1). Where the BIA adopts the IJ's decision while adding its own reasoning, we review both decisions. *Siong v. INS*, 376 F.3d 1030, 1036 (9th Cir. 2004). We review for substantial evidence. *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007 (en banc).

We grant review and reverse the BIA's determination that Morales-Mendez was not subjected to past persecution because he failed to show the nexus required to meet the definition of refugee. We disagree. Morales-Mendez was forcibly kidnapped by guerillas in Guatemala and held captive for a month where he was tortured and interrogated about his relationship with the Guatemalan military. This is sufficient to establish past persecution on the basis of a protected ground. *Rios v. Ashcroft*, 287 F.3d 895, 900 (9th Cir. 2002); 8 U.S.C. § 1101(a)(42)(A).

Although we find that Morales-Mendez has demonstrated past persecution we cannot conclude that the record compels a finding that he has a reasonable fear of future persecution. His own testimony establishes that his fear of returning to Guatemala is due to widespread generalized violence perpetrated by street gangs, not the guerillas. We therefore deny review of the BIA's decision affirming the IJ's denial of asylum. For the same reasons, we find that the record does not compel a finding that it is more likely than not that Morales-Mendez will be

2

persecuted or tortured upon return to Guatemala. We affirm the BIA's findings that Morales-Mendez failed to establish that he is eligible for withholding of removal or relief under the Convention Against Torture.

We remand for the BIA to consider whether Morales-Mendez is eligible for a humanitarian grant of asylum in light of our reversal regarding past persecution. The agency has discretion to grant humanitarian asylum to victims of past persecution whose fear of future persecution has been rebutted if the petitioner establishes (1) compelling reasons for being unwilling or unable to return to his country arising out of the severity of the past persecution, or (2) there is a reasonable possibility that he may suffer "other serious harm" upon removal. 8 C.F.R. § 1208.13(b)(1)(iii). The "other serious harm" need not be related to a protected ground. *Mohammad v. Gonzales*, 400 F.3d 785, 801 (9th Cir. 2005) (citations omitted). A petitioner is required only to establish one of these factors to be considered for humanitarian asylum. *Id.* We remand for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED IN PART; DENIED IN PART; REMANDED.**

3